-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROGER L. HUEBER,

        Plaintiff,

    -v-                                      14-CV-0049A
                                                **ORDER**
DETECTIVE PATRICIA MCCUNE, Niagara Falls
Police Dept.; INVESTIGATOR JOHN WICK,
Niagara County Sheriff's Dpt.; INVESTIGATOR
PAUL PERKINS, Niagara County Sheriff Dpt.;
CITY OF NIAGARA FALLS; and COUNTY OF NIAGARA,
Municipal,

        Defendants.

_____

    Plaintiff has commenced this action against various employees of the Niagara Falls Police Department and County of Niagara's Sheriff's Department, the City of Niagara Falls and County of Niagara alleging an unlawful search of his residence and false arrest. Plaintiff paid the filing fee, *see* 28 U.S.C. § 1914, and has filed a motion for an order directing service of the summons and complaint by the United States Marshals Service.

    Fed.R.Civ.P. 4(c)(3) provides that where a plaintiff is not proceeding *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a), the Court, upon plaintiff's request, "*may* order that service be made by a United States Marshal or deputy marshal . . . ." (Emphasis added.) Thus, if plaintiff is not proceeding IFP, the decision whether to grant service by the Marshals Service is

discretionary. Id.; Zarro v. Spitzer, 2008 WL 4399442, at *1 (N.D.N.Y.Sept. 23, 2008).

"In guiding courts in the exercise of this discretion, the advisory committee notes to Rule 4 indicate that '[i]f a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service.'" Zarro, 2008 WL 4399442, at *2 (citing Fed.R.Civ.P. 4(c) advisory committee's notes to 1993 amendments.) The court may also appoint the Marshal or other process server where plaintiff is unable to utilize private options to effectuate service.[1] Id. (citing Rose v. Abraham, 2008 WL 3540542, at *4 (E.D.Cal. Aug.13, 2008).

Plaintiff provides no basis for his motion for Marshals Service and, accordingly, the motion is denied without prejudice. Plaintiff may, however, re-file the motion with an affirmation or affidavit addressing why service by the United States Marshals Service is necessary or warranted in this particular case. If plaintiff does not file an affidavit or if the court again denies his motion for Marshal Service after he re-files the motion, he is reminded that he must serve the summons and complaint upon

---

[1] The Court notes that, rather than employing a private process service, a plaintiff may utilize the procedure set forth in Rule 4(d), Waiver of Service of Summons, to attempt to effectuate service by forwarding to and obtaining defendant's acknowledgment to waive service of the summons. The necessary forms to attempt to obtain a Waiver of Service can be obtained from Clerk's Office or the Court's public website <http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO399.pdf>.

defendants within 120 days of the filing of the complaint or this action may be dismissed without prejudice. See Fed.R.Civ.P. 4(m).[2]

IT IS HEREBY ORDERED that plaintiff's motion for an order directing service of the summons and complaint by the Marshals Service is denied without prejudice.

SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   February 26, 2014
         Rochester, New York

---

[2]The Clerk of the Court is directed to forward to plaintiff with a copy of this Order the Pro Se Litigation Guidelines. Plaintiff is directed to review pages 6-7, which discussed how a plaintiff can serve the summons and complaint, or how he can request defendants to waive service of the summons pursuant to Fed.R.Civ.P. 4(d).

3