UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROGER L. HUEBER

                        Plaintiff,              1:14-CV-00049-A
                                                            **DECISION AND ORDER**

   v.

DETECTIVE PATRICIA McCUNE,
Niagara Falls City Police Department;
INVESTIGATOR JOHN WICK,
Niagara County Sheriff's Department;
INVESTIGATOR PAUL PERKINS,
Niagara County Sheriff's Department;
CITY OF NIAGARA FALLS;
COUNTY OF NIAGARA,

                        Defendants.
_____

       Plaintiff Roger L. Hueber alleges that members of the Niagara Falls City Police Department and the Niagara County Sheriff's Department entered his residence without a warrant on multiple occasions throughout May 2010. As a result of the defendants' entries into his home, Plaintiff, a registered sex offender, was charged with not residing at his registered address in violation of New York law. The state court judge in the underlying criminal case found that the defendants' entries into Plaintiff's apartment violated the Fourth Amendment and accordingly suppressed the resulting evidence at trial. However, Plaintiff was nevertheless convicted based on other evidence.

       On January 21, 2014, Plaintiff filed this action against Detective Patricia McCune of the Niagara Falls City Police Department and Investigators John Wick

and Paul Perkins, both of the Niagara County Sheriff's Department, as well as the City of Niagara Falls and the County of Niagara (collectively, "defendants"). Plaintiff's complaint alleges that the defendants violated 42 U.S.C. §§ 1983, 1985, and 1986 and that the municipal defendants are liable for various state law torts.

Before the Court are the defendants' motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has responded to the defendants' motions and has also filed a motion for summary judgment and a statement of undisputed material facts. For the reasons stated herein, the Court dismisses Plaintiff's complaint as time-barred.

## **Background**

Plaintiff is a registered sex offender who is required by New York State law to timely report changes in his address. *See* N.Y. Correct. Law § 168-f(4) (McKinney 2012). On December 24, 2009, Plaintiff signed a one-year lease for an apartment in Niagara Falls, New York. Dkt. No. 1 ¶ 10. After signing the lease, on January 19, 2010, Plaintiff reported his change of address to defendant McCune and signed a sex offender change of address form listing the address of his new apartment. *Id.* ¶ 11.

Several months later, on May 6, 2010, Plaintiff alleges that defendants McCune, Wick, and Perkins conducted a "home inspection" of the address Plaintiff listed on his sex offender change of address form. *Id.* ¶ 13. According to

Plaintiff's complaint, the individual defendants "entered [Plaintiff's] residence and conducted a search without a warrant or consent. [Individual defendants] claimed that once inside they observed that the residence had no utilities, only a plastic chair, coffee table and clothing for a young child, and that [Plaintiff] was not present when the search was conducted." *Id.* Plaintiff then alleges that defendant McCune returned to Plaintiff's new address on three subsequent dates, May 11, 21, and 26, 2010, each time "entering without a warrant at various times of the day." *Id.* ¶ 14. According to Plaintiff, on each of her subsequent entries into Plaintiff's residence, defendant McCune "observed no change to the condition of the property, and [noted that] plaintiff was not present on any of these days." *Id.*

Shortly after the individual defendants' entries into Plaintiff's apartment, on May 27, 2010, a felony complaint was filed against Plaintiff in New York Supreme Court alleging that he did not reside at his registered address. *See id.* ¶15 and Exhibit E. Plaintiff was indicted and, on November 22, 2010, he moved to suppress evidence relating to the individual defendants' "warrantless nonconsensual search of [Plaintiff's] residence." *Id.* ¶ 17 and Exhibit H.

Just under one year later, on September 22, 2011, New York Supreme Court Justice Richard C. Kloch, Sr. issued a Decision and Order holding that "[t]here was nothing precluding the police from obtaining a search warrant" before entering Plaintiff's residence and that, accordingly, "the People are

3

precluded from offering testimony of the police observation inside [Plaintiff's] residence." *Id.* at Exhibit I (*People v. Hueber*, No. 2010-280, slip op. at 1-2 (N.Y. Sup. Ct. Sept. 22, 2011) (Decision and Order)).  However, Justice Kloch held that the prosecution could still "offer proof as to the observations outside [Plaintiff's] residence." *Id.*  Thus, based on the allowable evidence, Justice Kloch found "beyond a reasonable doubt that [Plaintiff] was not residing at the registered address and failed to notify [New York Criminal Justice Services] of his actual address." *Id.*  Plaintiff was found guilty. *Id.*

Approximately three years and nine months after Plaintiff alleges that the individual defendants first entered his residence, Plaintiff filed the complaint in this case against each of the individual defendants, as well as the City of Niagara Falls and the County of Niagara, alleging that the individual defendants had violated various of Plaintiff's constitutional rights in violation of 42 U.S.C. §§ 1983, 1985, and 1986, and that the municipal defendants were liable under state tort law.  The defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's claims were time-barred.[1]  Plaintiff has responded to the defendants' motions to dismiss and has also filed a motion for summary judgment and a statement of what he claims to be undisputed

---

[1] The defendants have filed two separate 12(b)(6) motions to dismiss: one filed on behalf of the "City Defendants," Detective McCune and the City of Niagara Falls, *see* Dkt. No. 16, and one filed on behalf of the "County Defendants," Investigator Wick, Investigator Perkins, and the County of Niagara, *see* Dkt. No. 12.  Because the motions raise nearly identical arguments—that Plaintiff's claims are time-barred—the Court will treat the motions to dismiss as if they had been jointly filed.

material facts.  See Dkt. No. 15.  Defendants have not yet replied to Plaintiff's summary judgment motion.

### I.     The Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." When addressing a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded factual allegations in a complaint are true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, "[a]lthough the statute of limitations is an affirmative defense, it can be raised through a 12(b)(6) motion if the factual bases for the defense appear on the face of the complaint."  *IKB Int'l S.A. v. Bank of Am. Corp.*, 12 Civ. 4036 (LAK)(HBP), 2014 U.S. Dist. LEXIS 46549, at *9-10 (S.D.N.Y. Feb. 28, 2014).

### II.    Plaintiff's § 1983 Claim Alleging a Fourth Amendment Violation Is Not Timely

The crux of Plaintiff's complaint is ¶ 24, which alleges that the individual defendants entered his residence in violation of the Fourth Amendment and are accordingly liable under 42 U.S.C. § 1983.  However, for the reasons stated below, the Court finds that Plaintiff's Fourth Amendment claims raised in ¶ 24 of the complaint are time-barred.  The Court therefore dismisses ¶ 24.

Section 1983's text does not contain a statute of limitations.  Thus, courts borrow the statute of limitations from the analogous cause of action under state

law, which, in New York, is three years from the date on which the plaintiff's cause of action accrued.  *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002).  However, unlike the limitations period itself, the issue of when a cause of action accrues is governed by federal law.  *See id.* at 80.  The general rule is that a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Id.* (internal quotation marks omitted).  As discussed in detail below, there are multiple dates on which Plaintiff either knew or should have known about the defendants' entries into his apartment.  The latest of these dates, November 22, 2010, would have given Plaintiff until November 22, 2013 to file his complaint in this case.  Thus, using the typical accrual rule, Plaintiff's Fourth Amendment claim under § 1983, which he filed on January 21, 2014, would not be timely.

Plaintiff, however, argues that the relevant accrual date for his § 1983 claim is nearly a year later, on September 22, 2011, the date on which Justice Kloch found in the underlying criminal case that the defendants' entry into Plaintiff's home violated the Fourth Amendment.  *See* Dkt. No. 20.  Plaintiff relies principally on the Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994), and the Second Circuit's opinion in *Black v. Coughlin*, 76 F.3d 72 (2d Cir. 1996), for the proposition that "the statute of limitations accrues . . . at the time plaintiff succeeds in having the state court rule in his favor, reversing the defendants [sic] acts in question."  Dkt. No. 20 at 5.  Plaintiff's argument is essentially that, according to *Heck*, the cause of action for his § 1983 claim did

6

not accrue until Justice Kloch found, in the underlying criminal case, that the defendants' entries into Plaintiff's residence were unconstitutional.  Plaintiff, however, has misinterpreted *Heck*.

*Heck* involved a § 1983 claim by a prisoner alleging that the defendants—prosecutors and detectives involved in the prisoner's conviction—had engaged in malicious prosecution.  *See Heck*, 512 U.S. at 478-79.  The Supreme Court held that, although the plaintiff had not filed a petition for habeas corpus, a successful § 1983 claim would have the same effect on his conviction as a successful habeas corpus petition, because the § 1983 claim would "necessarily demonstrate[] the invalidity of the conviction."  *Id.* at 481-82.  Accordingly, the Court held that to state a valid § 1983 claim on the facts in *Heck*, the prisoner "must prove that the conviction or sentence has been reversed on direct appeal . . . ."  *Id.* at 486-87.  The corollary to the Court's rule was that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  *Id.* at 489-90.

A later Supreme Court opinion, *Wallace v. Kato*, 549 U.S. 384 (2007), clarified the boundaries of *Heck*'s deferred accrual rule.  According to *Wallace*, "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'"  *Wallace* 549 U.S. at 393 (quoting *Heck*, 512

U.S. at 487) (italics and ellipsis in original).  *See also Mallard v. Potenza*, 94-CV-223 (CBA), 2007 U.S. Dist. LEXIS 86336, at *4 (E.D.N.Y. Nov. 21, 2007) (noting that *Wallace* "expressly limited the delayed accrual rule of *Heck* . . . to situations in which there is a then extant conviction the validity of which would be impugned by success in the § 1983 action").  If there is an extant conviction or sentence, *Heck* requires that the "district court . . . consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."  *Heck*, 512 U.S. at 487.

*Heck*'s applicability therefore hinges on whether a plaintiff's successful § 1983 claim will "impugn" his underlying conviction or sentence.  *Wallace*, 549 U.S. at 393.  Accordingly, *Heck* necessarily assumes that the issue challenged by the §1983 claim was *not* decided in the plaintiff's favor in the earlier proceeding.  That is not the case here.  Plaintiff's Fourth Amendment challenge during the underlying criminal case was *successful*—that is, evidence obtained as a result of the allegedly illegal entry was not considered by the court.  Nonetheless, Plaintiff was still convicted.  See Dkt. No. 1 Exhibit I (*People v. Hueber*, No. 2010-280, slip op. at 1-2 (N.Y. Sup. Ct. Sept. 22, 2011) (Decision

and Order) (holding that "[t]hough the People are precluded from offering testimony of the police observation inside the residence . . . . [f]rom the allowed offered proof, the Court finds that the People have established beyond a reasonable doubt" that the plaintiff was guilty of the underlying offense). In other words, because the court in the underlying case did not consider evidence obtained by the defendants' allegedly illegal entries, a ruling by this Court that the defendants' conduct violated the Fourth Amendment would have no effect on the underlying conviction. Thus, *Heck*'s deferred accrual rule does not apply to Plaintiff's claim.[2]

Thus, because *Heck* does not apply, Plaintiff's claim is governed by the default statute of limitations accrual rule, according to which "accrual occurs when the plaintiff has a complete and present cause of action. . . . [T]hat is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal quotation marks and citations omitted). In the context of an allegedly illegal entry into an individual's home, the plaintiff's claim accrues when the plaintiff knows or should have known that the entry occurred. *See Rankel v. Town of Somers*, No. 11-CV-6617(CS), 2014 U.S. Dist. LEXIS 24815, at *26 (S.D.N.Y. Feb. 25, 2014) (holding that a § 1983 claim for illegal entry onto plaintiff's property accrued on

---

[2] In his sur-reply, Plaintiff suggests that he is entitled to have his claim tolled for the period between the defendants' entry into his home and Justice Kloch's ruling that the entry was unconstitutional. *See* Dkt. No. 24 ¶¶ 9-16. However, the New York Court of Claims case that Plaintiff cites in his brief, *DuBois v. New York*, 887 N.Y.S.2d 448 (N.Y. Ct. Cl. 2009), does not address tolling. Plaintiff does not actually appear to be arguing that his claims should be tolled but instead appears to be restating his argument for deferred accrual under *Heck*. To the extent that Plaintiff may be attempting to raise a tolling claim independent of his *Heck* argument, the Court can find no basis to toll Plaintiff's claim.

the date of defendant's entry onto the property).  *Cf. Mallard v. Potenza*, 94-CV-223 (CBA), 2007 U.S. Dist. LEXIS 86336, at *16 (E.D.N.Y. Nov. 21, 2007) (holding that "a claim for an illegal search accrues when the property is taken (so long as the plaintiff knows or has reason of the taking), because that is when the plaintiff's rights have been intruded upon and the time at which he has a complete and present cause of action").  Plaintiff has alleged that the entries in this case occurred on May 6, 11, 21, and 26, 2010.  *See* Dkt. No. 1 ¶¶ 13-14.

Thus, the next question is when Plaintiff knew or should have known about the entries into his home that occurred throughout May 2010.  Plaintiff contends that he was not present when the defendants entered his home.  *See* Dkt. No. 24 ¶ 18.  Assuming, somewhat implausibly, that Plaintiff did not know or did not have reason to know about the defendants' multiple entries soon after they occurred, the Court holds that, even when viewing the facts in the light most favorable to the Plaintiff, there were multiple occasions when Plaintiff either knew or should have known about the defendants' entry.  For example:

- Plaintiff states in his complaint that on May 27, 2010, "as a result of defendants [sic] unlawful entry of my residence, a felony complaint was filed in the Niagara Falls, New York Court charging me with a failure to register a change of address in violation of section 168-f(4) of the New York State Correction Law."  Dkt. No. 1 ¶ 15.

- Plaintiff includes, as an exhibit to his complaint, a letter, dated October 6, 2010, transmitting to Plaintiff's attorney in the underlying criminal case defendant Wick's grand jury testimony. In his testimony, defendant Wick states that he and the other individual defendants entered Plaintiff's apartment on May 6. *See id.* Exhibit D and accompanying grand jury transcript at 9:20 – 11:1.[3]

- Plaintiff includes, as an exhibit to his complaint, a letter from the assistant district attorney prosecuting the underlying criminal case, which notes that the Plaintiff filed a "notice of motion dated November 22, 2010 in regard to the issue of Suppression." Dkt. No. 1 Exhibit H.

The Court finds it difficult to believe that the Plaintiff had no notice of the defendants' entry into his home on the dates listed above. At the very least, he *should* have known about the defendants' entries by the dates listed above, because as Plaintiff states in his complaint, those allegedly illegal entries appear to have been the basis for the criminal charges against Plaintiff. *See id.* ¶ 15. In any event, the Court need not determine on which of these dates the Plaintiff actually learned of the defendants' conduct. Viewing the facts in the light most favorable to the Plaintiff, he knew or should have known about the entries by, at the very latest, November 22, 2010, the date he moved to suppress evidence of the entries in the underlying criminal case.

---

[3] "For purposes of a motion to dismiss [under Rule 12(b)(6)], [the Second Circuit] ha[s] deemed a complaint to include any written instrument attached to it as an exhibit or documents incorporated in it by reference." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

11

Nonetheless, in his sur-reply, Plaintiff argues that his Fourth Amendment claim did not accrue until the date that Justice Kloch ruled that that the defendants' search was illegal, because it was on that date, September 22, 2011, "when there was an exposition of the facts concerning the warrantless entry into my residence, facts that were theretofore not fully known by me, because I was not knowledgeable in this subject matter and was not present when the home invasion occurred. I, the plaintiff, did not know or have reason to know that my constitutional rights were violated until it was affirmed in [State Supreme Court Justice] Kloch's September 22, 2011 ruling." Dkt. No. 24 ¶ 18.[4]

Plaintiff confuses the applicable accrual standard. Plaintiff's claim accrues when he knew or should have known that the defendants entered his home, not when a court announced the legal conclusion that that entry violated the Fourth Amendment. Although Plaintiff may not have known, as a legal matter, that the defendants violated his Fourth Amendment rights until Justice Kloch so ruled, Plaintiff's argument would simply create a backdoor to *Heck*'s deferred accrual rule. The Court therefore rejects Plaintiff's argument.

Accordingly, as noted above, Plaintiff had until November 22, 2013 to file his § 1983 claim challenging the defendants' entries into his home. Because Plaintiff did not file the complaint in this case until January 21, 2014, ¶ 24 of

---

[4] Plaintiff did not obtain leave of the Court prior to filing his sur-reply. *See* L.R. 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted."). The Court entertains Plaintiff's arguments raised in his sur-reply *only* because of Plaintiff's *pro se* status.

Plaintiff's complaint, alleging that the defendants violated Plaintiff's Fourth Amendment rights, is time-barred and is therefore dismissed with prejudice.

### III. Plaintiff's § 1983 Claim Alleging an Equal Protection Violation Is Not Timely

Plaintiff next contends that "[d]efendants deprived [him] of the equal protection of the laws as secured under the Fourteenth Amendment." Dkt. No. 1 ¶ 25. Although Plaintiff does not expressly state when defendants allegedly violated his Equal Protection rights, it is clear from Plaintiff's complaint that his Equal Protection claim is linked with the events surrounding the defendants' entries into his residence. Notably, after recounting the facts of this case, ¶ 22 of Plaintiff's complaint alleges that "[t]he defendants acted pursuant to a class-based, invidious discriminatory animus due to my having been a previously convicted sex offender." *Id.* ¶ 22.

Thus, the same analysis described above applies here and results in the conclusion that ¶ 25 of Plaintiff's complaint is time-barred. Plaintiff knew or should have known by, at the very latest, November 22, 2010, that the defendants entered his residence out of an allegedly unconstitutional "animus" towards Plaintiff's status as a sex offender. Applying the standard three-year limitations period, Plaintiff had until, at the latest, November 22, 2013 to file his Equal Protection claim against defendants. Because Plaintiff did not file his complaint in this case until January 21, 2014, the § 1983 claim in ¶ 25 of his complaint is dismissed with prejudice.

## IV. Plaintiff's § 1985 Claim Alleging a Conspiracy to Violate His Civil Rights is Not Timely

Plaintiff next alleges in ¶ 26 of his complaint that the defendants violated § 1985 by conspiring to "act[] pursuant to a class-based, invidious discriminatory animus." *Id.* ¶ 26. Like § 1983, § 1985's text does not contain a statute of limitations. However, as with § 1983, when applying § 1985 courts in New York borrow the three-year statute of limitations period from New York law. *See Clissuras v. City Univ. of New York*, 90 Fed. App'x 566, 567 (2d Cir. 2004). Because § 1985 prohibits conspiracies to deny civil rights, its limitations period begins to run when the plaintiff learns of the injury caused by the defendants' overt acts that form the basis of the alleged conspiracy. *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997) ("[T]he statute of limitations begins to run once the plaintiff knows of the injury on which the claim is based."); *Farbstein v. Hicksville Pub. Library*, 323 F. Supp. 2d 414, 420 (E.D.N.Y. 2004) ("With regard to each . . . overt act[] [in a § 1985 claim], the cause of action accrues when the plaintiff learns of the injury.").

Plaintiff does not expressly allege which of the defendants' acts constitute the "overt act" necessary for a § 1985 claim. However, as with his other claims, Plaintiff's § 1985 claim clearly stems from the defendants' entries into his residence. The statute of limitations therefore begins to run from the time that Plaintiff learned of the injury resulting from the defendants' overt acts. As with his § 1983 claim, Plaintiff must have learned about the defendants' conduct by, at

the latest, November 22, 2010, the date on which he moved the state court to suppress evidence from the defendants' entries into his home.  Accordingly, Plaintiff had until, at the latest, November 22, 2013 to file his § 1985 claim.  Because he did not file his § 1985 claim until January 21, 2014, Plaintiff's claim in ¶ 26 of his complaint is not timely and is dismissed with prejudice.

### V. Plaintiff's § 1986 Claim Alleging that Defendants Negligently Failed to Prevent a Conspiracy to Deny Civil Rights Is Not Timely

Plaintiff's next claim is brought under 42 U.S.C. § 1986 and alleges that the defendants were negligent in failing to prevent the conspiracy that Plaintiff alleges in his § 1985 claim.  See Dkt. No. 1 ¶ 29.  Unlike §§ 1983 and 1985, § 1986's text contains an express limitations period: "[N]o action under the provisions of [§ 1986] shall be sustained which is not commenced within one year after the cause of action has accrued."  42 U.S.C. § 1986.  In their motions to dismiss, defendants raise § 1986's one-year limitations period as a defense.  In both his reply and sur-reply, Plaintiff failed to respond to the defendants' § 1986 timeliness argument.  See Dkt. Nos. 20, 24.  The Court therefore finds that Plaintiff has waived any argument that his § 1986 claim was timely filed and accordingly dismisses the § 1986 claim in ¶ 29 of his complaint with prejudice.

However, in light of his *pro* se status, if the Court assumes that Plaintiff did not intend to waive this argument, Plaintiff's § 1986 claim must still be dismissed.  Because § 1986 "creates a cause of action for failure to prevent a wrong under § 1985, [§ 1986] necessarily requires a cognizable § 1985 claim."  Harrison v.

*Harlem Hosp.*, 364 Fed. App'x 686, 688 (2d Cir. 2010). Thus, because Plaintiff's § 1985 claim is dismissed for the reasons discussed above, Plaintiff's § 1986 claim must, by necessity, also be dismissed with prejudice. *See id.* (affirming dismissal of § 1986 claim where plaintiff's § 1985 was not timely filed).

### VI. Plaintiff's Apparent Malicious Prosecution Claim

While Plaintiff's complaint does not allege a claim of malicious prosecution, his sur-reply suggests that he may have intended to bring one. *See* Dkt. No. 24 ¶ 15 ("[State Supreme Court Justice] Kloch's favorable suppression ruling on September 22, 2011 clearly is the accrual for the malicious prosecution claim."). To the extent that, as a *pro se* litigant, Plaintiff's buried reference to a "malicious prosecution claim" in a sur-reply should be deemed to be a valid claim, Plaintiff has failed to allege a basic element of a malicious prosecution claim. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphry*, 512 U.S. 477, 484 (1994). As noted earlier, Plaintiff was convicted as a result of the defendants' actions in this case. *See* Dkt. No. 15 at 29 (*People v. Hueber*, No. 2010-280, slip op. at 1-2 (N.Y. Sup. Ct. Sept. 22, 2011) (Decision and Order). Thus, Plaintiff has not adequately alleged a malicious prosecution claim and the Court dismisses with prejudice any that he may have intended to bring.

## VII.   Plaintiff's Remaining Claims

Plaintiff's remaining claims are a § 1983 allegation that "[d]efendants imposed cruel and unusual punishment on [him] in violation of the Eighth Amendment," *see* Dkt. No. 1 ¶ 27, and various state law torts against the City of Niagara Falls and the County of Niagara.  *See id.* ¶ 33.

Because Plaintiff's Eighth Amendment claim was raised under § 1983, it is governed by the three year limitations period discussed above.  As the Supreme Court has noted, "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."  *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977).  Accordingly, the Eighth Amendment has no application "until after conviction and sentence."  *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989).

Here, there are two convictions potentially at issue: (1) Plaintiff's original conviction that led to his sex offender status; and (2) Plaintiff's conviction for not residing at his registered address.  Plaintiff's complaint does not expressly indicate which of these two convictions (if either) is the predicate for his alleged Eighth Amendment violation.  However, because Plaintiff's other claims revolve around the defendants' entries into Plaintiff's home, the Court reads Plaintiff's Eighth Amendment claim as stemming from those same events.  Accordingly, applying the three-year statute of limitations and analysis discussed throughout this opinion, Plaintiff's complaint, filed on January 21, 2014, is time-barred.

Accordingly, ¶ 27 of Plaintiff's complaint is dismissed.  However, because his complaint is not entirely clear on this point, and in light of Plaintiff's *pro se* status, the Court's dismissal of ¶ 27 is without prejudice to Plaintiff refiling an Eighth Amendment claim.

Finally, because the Court has dismissed all of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3).  The Court therefore dismisses the claims in ¶ 33 of Plaintiff's complaint with prejudice.

## Conclusion

For the reasons discussed above, the Court hereby grants the defendants' motions to dismiss Plaintiff's complaint.  Dismissal as to the claims in ¶¶ 24, 25, 26, 29, and 33 of Plaintiff's complaint is with prejudice.  Dismissal as to Plaintiff's claim in ¶ 27 of his complaint is without prejudice.

**SO ORDERED.**

   s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 19, 2014